## MAXIN v STATE

Ohio Appeals, 2nd Dist, Montgomery Co
No. 1051. Decided April 24, 1931

G. E. Nicholas, Dayton, for Maxin.
F. G. Krehbiel, Cincinnati, for the State.

KUNKLE, J.

We have read the record in this case carefully and from a study of the same have arrived at the conclusion that this court would not be warranted in disturbing the judgment of the lower courts.

A gallon of whiskey was found on the premises occupied by and in the control of plaintiff in error. The whiskey was found in a trap which was buried directly north of and in the rear of the house. It was found in a gallon container in a lard can which was buried in the ground and covered with dirt on the top. The chemical analysis of the liquor showed that it contained 40% alcohol by volume. The plaintiff in error claimed that it was not his whiskey but belonged to a friend, Dan Dakos, who was married that day and who bought this gallon of whiskey for a wedding dinner that

night. Dan Dakos testified to the same state of facts. The conduct of plaintiff in error at the time the officers found this whiskey is not entirely consistent with the subsequent claim of himself and Ben Dakos.

If the testimony of the plaintiff in error and Dan Dakos is accepted as correct, then the plaintiff in error should not have been found guilty. The case, however, resolves itself into a question of credibility of the witnesses. The trial court saw these witnesses and was in a better position to judge of the truthfulness of their respective stories than is a reviewing court. Had these witnesses been before us, we might have arrived at a different conclusion as to the credibility of their testimony, but from a consideration of the entire record, we do not feel warranted in disturbing the judgment of the lower courts and the same will therefore be affirmed.

ALLREAD, PJ, and HORNBECK, J, concur.